# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **JEFFERY HUMPHREYS, ID # 040895,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:09-CV-411-M (BH)** |
| | ) | |
| **NANCEY PERKINS, et al.,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court, this case has previously been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

## I. BACKGROUND

On March 2, 2009, the Court received plaintiff's complaint filed under 42 U.S.C. § 1983 using the proper form for prisoners filing a civil rights complaint in the United States District Court for the Northern District of Texas. Paragraph four, on page two of the form, states:

> It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion(s) for any other relief. Failure to file a "**NOTICE TO THE COURT OF CHANGE OF ADDRESS** may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

On March 9, 2009, the Court issued an order granting Plaintiff leave to proceed *in forma pauperis* and a Magistrate Judge's Questionnaire to clarify the basis for his claims. Both the order and the questionnaire were mailed to Plaintiff at the return address on the envelope enclosing his complaint. He provided the Court with no other address.

On March 17, 2009, both the order granting leave and the questionnaire were returned to the Court with the notation: "Return to Sender   Not Deliverable As Addressed   Unable to

Forward." It appears that Plaintiff has changed addresses without notifying the Court as directed on the complaint form. This failure demonstrates an inclination not to prosecute this action.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to notify the Court of his change in address despite the express instructions on the complaint form, and orders of the Court have been returned as undeliverable. Plaintiff has given no indication that he intends to proceed with this action, and the Court should dismiss his complaint for want of prosecution.

## III.  RECOMMENDATION

Plaintiff's complaint should be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED on this 18th day of March, 2009.**

*Irma Carrillo Ramirez*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE